# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL R. JAMES, JR.,<br><br>                Plaintiff,<br><br>     v.<br><br>SERGEANT WUYA, OFFICER MERPHIE, and SUPERINTENDENT KARGASS,<br><br>               Defendants. | Case No. 3:24-cv-00170-SLG |

## **SCREENING ORDER**

On August 6, 2024, self-represented prisoner Paul R. James, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and a summons form.[1] On August 20, 2024, the Court notified Plaintiff that his filing was deficient because he had not paid the filing fee nor filed a completed application to waive prepayment of the fee.[2] On August 29, 2024, Plaintiff filed an application to waive prepayment of the filing fee with a statement from his prison trust account for the past six months.[3] Then, on November 14, 2024, Plaintiff paid the filing fee.[4]

---

[1] Dockets 1-3.

[2] Docket 4. *See also* Local Civil Rule 3.1(c)(3). The order also informed Plaintiff that the summons form he filed was not procedurally complaint and was premature.

[3] Docket 5.

[4] Filing fee: $405, receipt number 100021696, Entered: 11/14/2024.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed, Plaintiff claims Defendants tampered with his mail, interfered with his access to the courts, and retaliated against him for filing lawsuits.[5] For relief, Plaintiff seeks $250,000 in damages and punitive damages of $250,000.[6] For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED, and Plaintiff is accorded 60 days to file an amended complaint that corrects the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[5] Docket 1 at 3-5.

[6] Docket 1 at 8.

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 2 of 12
Case 3:24-cv-00170-SLG   Document 7   Filed 01/21/25   Page 2 of 12

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept the allegations of the complaint as true, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] A federal court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim,[11] and it is not the Court's responsibility to review filings or exhibits to identify possible claims. Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). *See also United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (noting a court may consider "materials that are submitted with and attached to the Complaint") (citation omitted).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual

---

contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[18] *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 4 of 12
Case 3:24-cv-00170-SLG    Document 7    Filed 01/21/25    Page 4 of 12

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[21] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[22] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

## III. Plaintiff's Claims

Plaintiff claims Defendants violated his constitutional rights by tampering with his mail and opening his "confidential" mail outside of his presence.[24] He also claims he was given mail without the envelope it was sent in and that some mail

---

[19] *Ashcroft*, 556 U.S. at 678.

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[24] Docket 1 at 3-5.

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 5 of 12
Case 3:24-cv-00170-SLG   Document 7   Filed 01/21/25   Page 5 of 12

seemed to have dirt on it. He claims Defendants tamper with his mail in retaliation for filing grievances with DOC and civil cases in federal court. However, in his Complaint, he states that he has never brought any other case in state or federal court that relates to his imprisonment.[25]  As pleaded, although Plaintiff characterizes his claims as cruel and unusual punishment, the Court liberally construes[26] the Complaint as attempting to raise claims under the Frist Amendment. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."[27] However, prison officials generally may inspect an inmate's incoming or outgoing mail to "make sure that it does not contain, for example, a map of the prison yard, the time of guards' shift changes, escape plans, or contraband."[28]

Non-legal mail may be opened outside of the presence of an inmate.[29] But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence."[30] However, "legal mail" is limited to

---

[25] Docket 1 at 6.

[26] *Blaisdell v. Frappiea,* 729 F.3d 1237, 1241 (9th Cir. 2013) ("[The liberal construction of pro se pleadings] rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them.").

[27] *Pell v. Procunier,* 417 U.S. 817, 822 (1974); *see also Jones v. Slade*, 23 F.4th 1124, 1134 (9th Cir. 2022).

[28] *Nordstrom v. Ryan,* 856 F.3d 1265, 1271 (9th Cir. 2017).

[29] *Hayes,* 849 F.3d at 1211 (upholding dismissal of claims for opening of non-legal mail).

[30] *Hayes v. Idaho Correctional Center,* 849 F.3d 1204, 1211 (9th Cir. 2017).

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 6 of 12
Case 3:24-cv-00170-SLG   Document 7   Filed 01/21/25   Page 6 of 12

correspondence between a prisoner and his lawyer.[31] Mail to or from a court is not considered "legal mail" and can therefore be opened outside the inmate's presence without violating the inmate's First Amendment rights.[32]

## IV. Retaliation

A prisoner may bring allegations of retaliation against his right to file grievances or access the courts under the First Amendment. To prevail on such a claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

(1) the plaintiff was engaged in conduct protected under the First Amendment;

(2) the defendant took adverse action against the plaintiff;

(3) the defendant took adverse action against the plaintiff because of the plaintiff's protected conduct;

(4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and

---

[31] *See, e.g., Mangiaracina*, 849 F.3d at 1193-94, 1196-97 (prohibiting opening "legal mail," *i.e.* letters between inmate and his criminal defense lawyer outside of inmate's presence); *Nordstrom v. Ryan,* 762 F.3d 903, 907 (9th Cir. 2014) (holding prison officials could not read "legal mail," *i.e.,* letter from inmate to his criminal defense lawyer).

[32] *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1996) ("mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail"). *See also Hayes v. Idaho Corr. Ctr.,* 849 F.3d 1204, 1209 (9th Cir. 2017) (upholding dismissal of claims for opening of non-legal mail).

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 7 of 12
Case 3:24-cv-00170-SLG   Document 7   Filed 01/21/25   Page 7 of 12

(5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[33]

As pleaded, Plaintiff has not alleged facts, accepted as true, to support a plausible claim of retaliation under the First Amendment. Although the Complaint contains three separate claims and some facts, Plaintiff refers generally to mail tampering and retaliation from November 20, 2023, through May 21, 2024. Plaintiff did not allege specific dates when the violations occurred, which defendant was involved, information about the mail involved—such as whether it was incoming or outgoing, who the sender or recipient was, and what alleged tampering occurred. Nor does Plaintiff allege any facts that explain how he was injured by each of the alleged violations by each Defendant. Plaintiff must identify a specific injury that was caused by the conduct of a particular defendant or an affirmative link between an injury that occurred to Plaintiff and the conduct of that defendant. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## V. Motion at Docket 6

At Docket 6, Plaintiff filed a motion seeking to press criminal charges against the named Defendants for alleged violations of federal criminal statutes for mail fraud and wire fraud. This motion is DENIED. A private citizen cannot successfully

---

[33] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.11A and the cases cited therein.

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 8 of 12
Case 3:24-cv-00170-SLG   Document 7   Filed 01/21/25   Page 8 of 12

obtain an order from a federal court directing that federal criminal charges be brought against other individuals.[34]

### VI. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[35] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[36] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage. Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[37] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in

---

[34] *Linda R.S. v. Richard D.*, 410 U.S. 614. 619 (1973).

[35] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[36] Fed. R. Civ. P. 8(a)(2).

[37] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 9 of 12

sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[38] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of this case by alleging new unrelated claims. An amended complaint may not include any defendants or claims that have been dismissed with prejudice or for which Plaintiff lacks a sufficient legal or factual basis.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

---

[38] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 10 of 12
Case 3:24-cv-00170-SLG    Document 7    Filed 01/21/25    Page 10 of 12

> b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 5 is DENIED as moot,** because Plaintiff subsequently paid the filing fee.

5. Plaintiff's motion at **Docket 6 is DENIED**.

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[39] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

8. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[39] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 11 of 12
Case 3:24-cv-00170-SLG    Document 7    Filed 01/21/25    Page 11 of 12

and its effective date.[40] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

9. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 21st day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[40] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00170-SLG, *James v. Wuya, et al.*
Screening Order
Page 12 of 12
Case 3:24-cv-00170-SLG   Document 7   Filed 01/21/25   Page 12 of 12